NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY LEWIS WHITING, | No. 23-55135 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02652-CAS-JEM |
| v. | |
| CALIFORNIA HIGHWAY PATROL, Department of the; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 20, 2024**

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Lewis Whiting appeals pro se from the district court's summary

judgment in his 42 U.S.C. §§ 1981 and 1983 action arising from an incident at a

highway rest stop.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Whiting's request for oral argument, set forth in the opening brief, is denied.

novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm.

The district court properly granted summary judgment for defendant Ceballos because Whiting failed to raise a genuine dispute of material fact as to whether he was intentionally treated differently from others similarly situated without a rational basis for the difference in treatment, or whether he was intentionally discriminated against on the basis of his race. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (standard for "class of one" equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for equal protection claim based on membership in protected class); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (a § 1981 claim requires a showing of intentional discrimination on account of race). We reject as unsupported by the record Whiting's contention that the district court relied on video evidence submitted by Ceballos in granting summary judgment.

The district court did not abuse its discretion in permitting the withdrawal of Ceballos's deemed admissions in light of his late-filed responses, because the district court reasonably determined that withdrawal would promote the presentation of the merits of the action and would not prejudice Whiting. *See* Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (standard of review).

The district court did not abuse its discretion in denying Whiting's motion for disqualification of District Judge Snyder or Magistrate Judge McDermott because Whiting failed to establish any basis for disqualification. *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455). We reject as unsupported by the record Whiting's contentions that the district court was biased against him.

Ceballos's motion for leave to transmit physical exhibit (Docket Entry No. 18) is denied as unnecessary.

**AFFIRMED.**